UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROD EDDIE, PAULA EDDIE and McCLINTOCK         Docket No. 07-CV-3457
REALTY, INC.

                                Plaintiffs,                          **ANSWER**
      -against-

SCOTTSDALE INSURANCE COMPANY,

                                Defendant.
------------------------------------------------------------------X

        Defendant, SCOTTSDALE INSURANCE COMPANY (hereinafter referred to as "Scottsdale" or the "Answering Defendant"), by its attorneys, TRAUB EGLIN LIEBERMAN STRAUS LLP, for its Answer to the Complaint filed by Plaintiffs, Rod Eddie, Paula Eddie and McClintock Realty, Inc. (hereinafter collectively referred to as the "Plaintiffs"), dated March 21, 2007, states as follows:

        FIRST:      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "FIRST" paragraph of the Complaint.

        SECOND:    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "SECOND" paragraph of the Complaint.

        THIRD:      Admits to the truth of the allegations set forth in the "THIRD" paragraph of the Complaint insofar as they allege that Defendant was an insurance company with an office at One Nationwide Plaza, Columbus, 43215, and denies the truth of the remaining allegations set forth in the "THIRD" paragraph.

        FOURTH:    Admits to the truth of the allegations set forth in the "FOURTH" paragraph of the Complaint insofar as they allege that Scottsdale issued policy number DFS 0561603, and denies knowledge or information sufficient to form a belief as to the truth of the remaining

allegations set forth in the "FOURTH" paragraph of the Complaint

FIFTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "FIFTH" paragraph of the Complaint, and respectfully refers all legal conclusions to the Court.

SIXTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "SIXTH" paragraph of the Complaint.

SEVENTH:   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the "SEVENTH" paragraph of the Complaint.

EIGHTH:   Denies the truth of the allegations set forth in the "EIGHTH" paragraph of the Complaint.

NINTH:   Admits to the truth of the allegations set forth in the "NINTH" paragraph of the Complaint only insofar as they allege that defendant denied Plaintiff's claim, and denies the truth of the remaining allegations set forth in the "NINTH" paragraph of the Complaint.

TENTH:   Denies the allegations set forth in the "TENTH" paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The relief sought in the Complaint is barred by the doctrines of estoppel, waiver and laches.

### THIRD AFFIRMATIVE DEFENSE

Service of process upon the Answering Defendant is insufficient, ineffective, or improper.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint against the Answering Defendant is barred to the extent that Plaintiffs failed to join certain necessary and indispensable parties.

### FIFTH AFFIRMATIVE DEFENSE

The alleged policy does not provide coverage to persons or entities that do not qualify as a named insured or insured under the policy issued by the Answering Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent the alleged property described in the Complaint does not constitute a Described Location, Tenant Occupied Dwelling, Structure and/or Other Structure as those terms are defined or used in the policy issued by the Answering Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent that the obligations of any insured under the insurance policy issued by the Answering Defendant have not been met and all conditions precedent to recovery thereunder have not occurred.

### EIGHTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent any of the alleged losses or damages set forth in the Complaint do not constitute a loss to property covered under the policy, or perils insured against under the policy.

### NINTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded by the Occupancy Endorsement or similar endorsement(s) or provision(s) contained in the policy issued by the Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Coverage, if any, is precluded to the extent the alleged property described in the Complaint had been vacant or unoccupied for more than sixty (60) consecutive days immediately before the alleged loss, or otherwise falls within the <u>Occupancy</u> exclusion of the policy.

**ELEVENTH AFFIRMATIVE DEFENSE**

Coverage, if any, is precluded and/or limited by the Mold Exclusion and all similar exclusion(s) contained in the policy issued by the Answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE**

Coverage, if any, is precluded to the extent that any loss, damage, cost, claim, and/or expense alleged in the Complaint was caused by vandalism or malicious mischief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Coverage, if any, is precluded to the extent that any losses or damages alleged in the Complaint constitute an "Intentional Loss" as that term is defined or used in the policy issued by the Answering Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent the losses or damages alleged in the Complaint arise out of hazards, conditions, risks and/or losses known to any insured prior to the effective date of the policy, coverage is barred.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Coverage, if any, is precluded by the exclusions contained in the policy issued by the Answering Defendant, including but not limited to exclusions A.1., A.4., and/or A.5.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Coverage, if any, is precluded to the extent that any insured failed to provide sufficient

information concerning the claim or otherwise comply with the requirements of cooperation and assistance contained in the policy issued by the Answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent that any insured failed to provide prompt notice of the loss alleged in the Complaint to the Answering Defendant or its agent.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent any insured has failed to protect the property alleged in the Complaint from damage and/or destruction and to make all reasonable and necessary repairs to protect said property. Further, to the extent that any insured has failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against the Answering Defendant must be reduced accordingly.

### NINETEENTH AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent that the acts or omissions giving rise to the actual or potential liability as recited in the Complaint were in violation of law and/or public policy. The policy does not apply to claims or losses based upon or attributable to the willful and/or deliberate noncompliance with any statute, regulation, ordinance, order, and/or instruction from any governmental body, and to the extent that any of the underlying claims arise from such non-compliance, such claims are barred.

### TWENTIETH AFFIRMATIVE DEFENSE

The liability of the Answering Defendant, if any, is subject to the applicable limits of liability of the alleged policy and all applicable terms, provisions, conditions and exclusions of the policy.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Coverage, if any, is precluded to the extent that any insured has impaired or prejudiced any right of subrogation, indemnification, or contribution under the policy issued by the Answering Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Coverage is barred to the extent any insured, whether before or after the loss, intentionally concealed or misrepresented any material fact or circumstance, engaged in fraudulent conduct, or made false statements related to the insurance issued by the Answering Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that any material facts were omitted, concealed, and/or misrepresented, whether intentionally or unintentionally, from the Answering Defendant prior to the issuance of the alleged policy, the equitable doctrines of rescission and/or reformation apply to the policy issued by the Answering Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

In the event that more than one person has an insurable interest in the property described in the Complaint, which is specifically denied, the Answering Defendant will not be liable for an amount greater than the interest of a person insured under this policy or for more than the applicable limit of liability of the policy issued by the Answering Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Answering Defendant fully reserves its rights to assert additional defenses upon further investigation and discovery.

**WHEREFORE**, the Answering Defendant prays for judgment as follows:

1. Dismissal of Plaintiffs' Complaint with Prejudice;

2. A declaration by the Court that this Answering Defendant owes no obligation of any kind to plaintiffs with respect to the claims set out in the Complaint;

3. A declaration awarding this Answering Defendant costs, expenses and reasonable attorneys' fees herein; and

4. Such other and further relief the Court deems just and equitable.

Dated: Hawthorne, New York
May 29, 2007

        TRAUB EGLIN LIEBERMAN STRAUS LLP
        *Attorneys for Defendant*
        *Scottsdale Insurance Company*

By: _____
        Meryl R. Lieberman (ML7317)
        Mid-Westchester Executive Park
        Seven Skyline Drive
        Hawthorne, New York 10532
        Tel. No. (914) 347-2600

TO: Basch & Keegan, Esq.
     Attorneys for Plaintiff
     Office and P.O. Box Address
     307 Clinton Avenue
     Kingston, New York 12402
     (845) 338-8884

## CERTIFICATE OF SERVICE

I, Christina Golino, certify that on May 29, 2007, I served a copy of Defendant Scottsdale Insurance Company's Answer dated May 29, 2007 via Electronic Case Filing and U.S.P.S. First Class Mail to all Counsel of Record listed below:

Basch & Keegan, Esq.
Attorneys for Plaintiff
Office of P.O. Box Address
307 Clinton Avenue
Kingston, New York 12402
(845) 338-8884

_____
Christina Golino