UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ROD EDDIE, PAULA EDDIE and
McCLINTOCK REALTY, INC.,                    Docket No. 07-CV-3457
                                            (WP4)(MDF)(KMK)

                          Plaintiffs,

       -against-

SCOTTSDALE INSURANCE COMPANY,

                          Defendant.
------------------------------------------------------------------------x

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

BASCH & KEEGAN, LLP
Attorneys for Plaintiffs
Eli B. Basch (EB8921)
307 Clinton Avenue
P.O. Box 4235
Kingston, NY 12402
(845) 338-8884

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................i

PRELIMINARY STATEMENT.........................................................................................1

FACTS................................................................................................................................1

     Relevant Terms Of The Policy................................................................................1

     Usage And Commercial Occupancy Of The Property Prior To The Fire..............2

     The Fire...................................................................................................................3

     The Defendant's Denial...........................................................................................4

ARGUMENT

THE DEFENDANT'S MOTION SHOULD BE DENIED AND THE PLAINTIFFS' CROSS-MOTION SHOULD BE GRANTED BECAUSE THE SUBJECT BUILDING WAS NOT VACANT AND WAS SUFFICIENTLY OCCUPIED TO MANDATE COVERAGE UNDER THE INSURANCE POLICY.............................................................................................................4

CONCLUSION...................................................................................................................8

## TABLE OF AUTHORITIES

Andy Warhol Found. for the Visual Arts, Inc. v. Federal Ins. Co., 189 F.3d 208 (2d Cir. 1999)........4

Bishop v. Nat'l Health Ins. Co., 344 F.3d 305 (2d Cir. 2003)..................................................................4

Coutu v. Exchange Ins. Co., 174 A.D.2d 241 (3d Dep't 1992)..............................................................7

Gallo v. Travelers Prop. Cas., 21 A.D.3d 1379 (4th Dep't 2005)..................................................5, 6, 7

Harco Nat'l Ins. Co. v. Arch Specialty Ins. Co., 2008 U.S. Dist. LEXIS 30629 (S.D.N.Y. 2008)........4

Hermann v. The Adriatic Fires Ins. Co., 85 N.Y. 162 (1881)................................................................7

Heyman Assocs. No. 1 v. Ins. Co. of Pa., 653 A.2d 122 (Sup. Ct. Conn. 1995)..................................4

M. Fortunoff of Westbury Corp. v. Peerless Ins. Co., 432 F.3d 127 (2d Cir. 2005).........................4

Mazzuoccolo v. Cinelli, 245 A.D.2d 245 (1st Dep't 1997)....................................................................5

McCarthy v. Am. Int'l Group, 283 F.3d 121 (2d Cir. 2001)..................................................................4

McCarthy v. New York Property Ins. Underwriting Ass'n, 158 A.D.2d 961 (4th Dep't 1990).....5, 7

Seaboard Surety Co. v. Gillette Co., 64 N.Y.2d 304 (1984)..............................................................5, 7

United States Fire Ins. Co. v. General Reinsurance Corp., 949 F.2d 569 (2d Cir. 1991)....................4

Vigilant Ins. Co. v. V.I. Techs., 253 A.D.2d 401 (1st Dep't 2006).....................................................5, 7

## PRELIMINARY STATEMENT

Defendant Scottsdale Insurance Company's motion for summary judgment should be denied and the cross-motion for summary judgment brought by Rod Eddie, Paula Eddie and McClintock Realty, Inc., should be granted because the subject premises were neither vacant or unoccupied for 60 consecutive days before the fire loss.

## FACTS

The case at bar arises from a property damage claim that was brought by Rod and Paula Eddie and McClintock Realty, Inc. The structure that was damaged by fire was a house with an attached garage. (See page 16 of Defendant's Exhibit "D"). There was direct access from the house to the garage. (See page 31 Defendant's Exhibit "D").

*Relevant Terms Of The Policy*:

On January 10, 2006, the Plaintiffs purchased an insurance policy from the Defendant that provided coverage to their premises at 1057 State Road, Walden, New York. (See Defendant's Exhibit "G"). The policy provided $300,000.00 in coverage for property damage to the dwelling, and covered losses from fire. (See Defendant's Exhibit "G").

> The policy contained an Occupancy Endorsement that states
>
> It is a condition of this policy that the described building must be occupied at the inception date of the policy. It is a further condition of this policy that any vacancy or unoccupancy of the described building after the inception date of the policy must be reported to the Company within thirty (30) days.
>
> The Company shall not be liable for loss occurring while a described building, whether intended for occupancy by owner or tenant, is vacant, or unoccupied for more than sixty (60) consecutive days immediately before the loss.

(See Defendant's Exhibit "G").

1

The terms "vacant" or "unoccupied" are not defined in the policy. (See Defendant's Exhibit "G"). The policy does not specify whether the entire premises must be occupied, or whether occupancy of any section of the structure would be sufficient. (See Defendant's Exhibit "G"). The policy states that the premises are to be used "principally for dwelling purposes," but fails to define the term "dwelling purposes." (See Defendant's Exhibit "G"). The policy does not prohibit commercial usage of the property, and does not prohibit commercial usage from constituting occupancy. (See Defendant's Exhibit "G").

*Usage And Commercial Occupancy Of The Property Prior To The Fire*:

When the Plaintiffs acquired the property, there were tenants living in the building. (See pages 15-16 of Defendant's Exhibit "D"). The tenants moved out of the building in approximately February or March of 2006. (See page 24 of Defendant's Exhibit "D").

Subsequently, Mr. Eddie used this property as a base for his businesses, which included Blueprint Carpentry, Inc., Rosecliff Landscaping, Rodman Tool Company, Rosecliff Excavating, Gate House Carpentry, and Frame Structures. (See pages 7-8 & 24 of Defendant's Exhibit "D"). He stored equipment, trucks, trailers and material at the property for his companies, much of which was stored in the garage that was part of the subject structure. (See page 25 of Defendant's Exhibit "D"). Mr. Eddie's employees maintained and repaired landscaping and excavating equipment at this location. (See page 32 of Defendant's Exhibit "D"). They had lumber delivered there for Mr. Eddie's carpentry companies. (See page 32 of Defendant's Exhibit "D"). The workers also accessed electric and water through the garage. (See page 38 of Defendant's Exhibit "D").

The property was commercially zoned. (See page 25 of Defendant's Exhibit "D"). Mr. Eddie and his employees used the property, including the subject structure, for commercial purposes.

(See pages 24-25 & 32 of Defendant's Exhibit "D").

Mr. Eddie and several of his employees were present and working at the subject premises on a "daily basis." (See page 32 of Defendant's Exhibit "D"). The employees who were there on a daily basis were Larry Wright, Terry Murray, Lyle Yerkes, and about twenty other workers. (See pages 32-33 of Defendant's Exhibit "D"). They spent up to eight or nine hours at a time on the property. (See page 34 of Defendant's Exhibit "D"). Mr. Eddie and his employees were consistently at the premises on nearly a daily basis from March of 2006 up until the fire occurred. (See page 45 of Defendant's Exhibit "D").

The subject house was also filled with personal property, including furniture, antiques, deer heads, clothes, books, dishes, lawnmower parts, glassware and other items. (See pages 29-30 & 39 of Defendant's Exhibit "D" & pages 18-19 of Defendant's Exhibit "E").

There were signs that someone broke into the subject house several times before the fire, and as recently as three weeks before fire. (See pages 46 & 51 of Defendant's Exhibit "D"). After the most recent known break-in, Mr. Eddie discovered that the back door had been kicked in and the front door was open. (See page 54 of Defendant's Exhibit "D"). Mr. Eddie entered the building and found a "lot of beer bottles" and "[s]everal rubbers, stuff like that." (See page 55 of Defendant's Exhibit "D").

*The Fire*:

In August of 2006, there was a fire at the premises and the subject house was substantially damaged. (See Defendant's Exhibits "J" & "K"). The cause was determined to be a lamp that was used to dry marijuana in the premises that set a nearby mattress on fire. (See page 38 of Defendant's Exhibit "F" and Defendant's Exhibits "J" & "K").

3

*The Defendant's Denial*:

Mr. Eddie made a claim for property damage arising from this fire loss. The Defendant denied his claim, alleging that the building was vacant or unoccupied. (See Defendant's Exhibit "I"). This action ensued.

**POINT I**
**THE DEFENDANT'S MOTION SHOULD BE DENIED AND THE PLAINTIFFS' CROSS-MOTION SHOULD BE GRANTED BECAUSE THE SUBJECT BUILDING WAS NOT VACANT AND WAS SUFFICIENTLY OCCUPIED TO MANDATE COVERAGE UNDER THE INSURANCE POLICY.**

It is well-settled that ambiguous terms in an "insurance policy should be 'construed in favor of coverage and against the insurer, because as the drafter of the policy the insurer is responsible for the ambiguity.'" M. Fortunoff of Westbury Corp. v. Peerless Ins. Co., 432 F.3d 127, 142 (2d Cir. 2005) (referencing Andy Warhol Found. for the Visual Arts, Inc. v. Federal Ins. Co., 189 F.3d 208, 215 (2d Cir. 1999)). "As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading." McCarthy v. Am. Int'l Group, 283 F.3d 121, 127 (2d Cir. 2001) (referencing United States Fire Ins. Co. v. General Reinsurance Corp., 949 F.2d 569, 572 (2d Cir. 1991)) "If an exclusionary provision is ambiguous so that an average policyholder of ordinary intelligence can reasonably read the policy as both favoring and disallowing coverage, [courts] construe the clause in a manner most beneficial to the insured, i.e., in favor of coverage and against the insurer." Bishop v. Nat'l Health Ins. Co., 344 F.3d 305, 307 (2d Cir. 2003) (referencing Heyman Assocs. No. 1 v. Ins. Co. of Pa., 653 A.2d 122, 130 (Sup. Ct. Conn. 1995)). The interpretation of an undefined contract term "is a question of law for the court." Harco Nat'l Ins. Co. v. Arch Specialty Ins. Co., 2008 U.S. Dist. LEXIS 30629 (S.D.N.Y. 2008) (referencing

4

Mazzuoccolo v. Cinelli, 245 A.D.2d 245, 246 (1st Dep't 1997)).

"An exclusion from policy coverage must be specific and clear in order to be enforced; the exclusion must be set forth 'in clear and unmistakable' language." McCarthy v. New York Property Ins. Underwriting Ass'n, 158 A.D.2d 961, 962 (4th Dep't 1990) (referencing Seaboard Surety Co. v. Gillette Co., 64 N.Y.2d 304, 311 (1984)). "The burden is on the insurer to demonstrate that the exclusion applies in the particular case and that the policy language relied upon by the insurer in support of the exclusion is 'subject to no other reasonable interpretation.'" Id. (referencing Seaboard Surety Co., 64 N.Y.2d at 311); see also Vigilant Ins. Co. v. V.I. Techs., 253 A.D.2d 401, 402 (1st Dep't 2006).

In the case at bar, the terms "vacant," "unoccupied" and "dwelling purposes" are not defined in the Defendant's policy. (See Defendant's Exhibit "G"). The policy also does not specify that the premises must be used and occupied for residential purposes only, rather than business uses. (See Defendant's Exhibit "G").

The case at bar is analogous to Gallo v. Travelers Prop. Cas., 21 A.D.3d 1379 (4th Dep't 2005), in which the plaintiff's building was destroyed by fire. The defendant

> denied coverage based on the policy exclusions for vacant and unoccupied property. The policy excludes coverage for "any cause of loss" if the building was "vacant" for 60 consecutive days immediately before the loss, and it excludes coverage for loss caused by vandalism if the building was "unoccupied" for 60 consecutive days immediately before the loss.

Id. at 1380.

> The court found that the building was not vacant or unoccupied because the plaintiff had
>
> > sufficient "business personal property" . . . [and] two people were customarily using the premises for various activities. Specifically, a friend of plaintiff used the storefront of the property as an outpost for his political campaign in running for

5

public office for the period from July 1999 until the beginning of November 1999, and the loss occurred later that month. In addition, plaintiff's son-in-law used the basement and garage of the property to store equipment for his landscaping business and to perform maintenance on that equipment and, according to his uncontroverted deposition testimony, he was at the building on a daily basis for the two to three years preceding the date of the loss.

Id. at 1380-81. The court then granted the plaintiff's summary judgment motion.

Similarly, in the case at bar, Mr. Eddie and his employees were using the premises on a near daily basis as a headquarters for Mr. Eddie's businesses. They also repaired and maintained machinery there, stored business equipment and materials, had business deliveries made there, stored antiques and other personal property stored throughout the structure. (See pages 25; 29-30; 32 & 39 of Defendant's Exhibit "D" & pages 18-19 of Defendant's Exhibit "E").

Additionally, at least one person other than Mr. Eddie and his employees had been occupying the premises to dry marijuana. (See pages 46; 51 & 54-55 of Defendant's Exhibit "D"). This usage and occupancy was the cause of the fire, specifically that the lamp used to dry marijuana set a nearby mattress on fire in an upstairs bedroom. (See Defendant's Exhibits "J" & "K").

In Gallo, as in the case at bar, no one lived at the subject premises, yet there was insurance coverage available based on commercial usage of the property. It is reasonable to find, based on the language of the policy, that Mr. Eddie's business usage of the garage, frequent visits there by him and his employees, storage of business property in the garage, repairs and maintenance of machinery on the premises, and deliveries of business materials to the property constitutes occupancy of the premises. This finding is particularly evident because the terms "vacant" and "unoccupied" are not defined in the Defendant's policy. The Defendant has the burden of showing that the terms "vacant" and "unoccupied" cannot be reasonably interpreted by a policyholder to mean that business usage

6

cannot form the basis of occupancy. See, e.g., McCarthy, 158 A.D.2d at 962; Seaboard Surety Co., 64 N.Y.2d at 311; Vigilant Ins. Co., 253 A.D.2d at 402. Here, the Defendant cannot meet this burden.

The cases cited by defense counsel did not contemplate commercial uses of the subject property shortly before the fire occurred when determining whether a building was occupied or unoccupied. Those cases, particularly Coutu v. Exchange Ins. Co., 174 A.D.2d 241 (3d Dep't 1992) and Hermann v. The Adriatic Fires Ins. Co., 85 N.Y. 162 (1881), contemplate long-term storage in buildings that are rarely visited and not being used for any purpose other than storage for a substantial time period before the fire.

None of the cases cited by defense counsel address the issue in the instant case, that is whether commercial usage of a building constitutes occupancy. Unlike the cases cited by the defense, the Gallo case addresses this issue on point and finds that occupancy can be founded upon business usage of a property.

To find, as defense counsel urges, that occupancy means that the premises must be used by someone as their customary place of abode, then all shopping centers, office buildings, courthouses and similar places would be deemed unoccupied simply because no one lives there. This does not appear to be the intent of the Coutu or Hermann courts, and such an interpretation of the policy language is unreasonable.

Rather, a more realistic and practical reading of the terms "vacant" or "unoccupied" would allow business activities and commercial uses to constitute occupancy, particularly when the policy fails to define crucial terms that are related to occupancy.

## CONCLUSION

Based on the foregoing, the Plaintiffs respectfully requests that the Court deny the Defendant's summary judgment motion and grant the Plaintiffs' cross-motion.

Dated: April 22, 2008
        Kingston, New York

                                Respectfully submitted,

                                ELI B. BASCH (EB8921)
                                BASCH & KEEGAN, LLP
                                Attorneys for Plaintiff
                                307 Clinton Avenue
                                P.O. Box 4235
                                Kingston, New York 12402
                                (845) 338-8884

cc:    TRAUB, LIEBERMAN, STRAUS & SHREWSBERRY, LLP
        Attorneys for Defendant
        Mid Westchester Executive Park
        Seven Skyline Drive
        Hawthorne, New York 10532
        (914) 347-2600