UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ROD EDDIE, PAULA EDDIE and McCLINTOCK      Docket No. 07-CV-3457
REALTY, INC.      (WP4) (MDF) (KMK)

                Plaintiffs,
-against-      **RULE 56.1 REPLY STATEMENT OF**
SCOTTSDALE INSURANCE COMPANY,      **UNDISPUTED FACTS**

                Defendant.
-------------------------------------------------------------------X

      Defendant Scottsdale Insurance Company ("Scottsdale") submit the following statement in reply to plaintiff's Rule 56.1 Counter-Statement of Facts ("Plaintiff's Counter-Statement") and in further support of Scottsdale's Rule 56.1 Statement of Undisputed Facts.

## STATEMENT OF FACTS

      In Plaintiffs' Counter-Statement, they purport to cite to "facts" or "evidence" in the record, the subject matter of which are either (i) grossly mischaracterized, (ii) wholly unsupported by the record and unrelated to the specific fact, and/or (iii) purely speculative in nature. Scottsdale hereby replies to those paragraphs of Plaintiff's Counter-Statement that contain the aforementioned abuses:

**Plaintiffs' Counter-Statement To Defendant's Statement No. 24**

      24.    Plaintiffs admit to the contents of this paragraph but purport "that there was a break-in or break-ins at approximately three weeks to one month before the fire," and "[a]s a result of the break-in, the back door of the house appeared to have been kicked in and the front door was open." Although Mr. Eddie testified that it appeared someone may have broken into the home after the last of the tenants moved out (see Exhibit "D," p. 51, lines 12-23, p. 54, lines 1-16), he admits that he did not observe anyone inside the home (see Exhibit "F" p. 25, lines 13-15). Therefore, the "fact" that there was a "break-in" or "break-ins" is a mischaracterization of the testimony, is unsupported

by the record and is purely speculative in nature.

**Plaintiffs' Counter-Statement To Defendant's Statement No. 31**

31. Plaintiffs admit to the contents of this paragraph but purport that "there is evidence that someone entered the premises shortly before the fire." Again, although Mr. Eddie testified that it appeared someone may have broken into the home after the last of the tenants moved out (see Exhibit "D," p. 51, lines 12-23, p. 54, lines 1-16), he admits that he did not observe anyone inside the home (see Exhibit "F" p. 25, lines 13-15). Thus, any "evidence" that "someone entered the premises," is unsupported by the record, a mischaracterization of the cited testimony and purely speculative in nature.

Dated: Hawthorne, New York
       May 9, 2008

TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP
*Attorneys for Defendant Scottsdale Insurance Company*

By: /s/ Meryl R. Lieberman
Meryl R. Lieberman (ML7317)
Dawn M. Warren (DW5112)
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
Tel. No. (914) 347-2600

## CERTIFICATE OF SERVICE

I, Michelle Manzares, certify that on May 13, 2008, I served a copy of a **RULE 56.1 REPLY STATEMENT OF UNDISPUTED FACTS** upon the attorney(s) for the respective party(ies) in this action, at the address listed below, such address designated by said attorney for that purpose via **UNITED STATES POSTAL SERVICE**, by depositing same in a properly addressed wrapper, in an official depository under the exclusive care and custody of United States Postal Service.

TO:

    Basch & Keegan, Esq.
    Attorneys for Plaintiff
    Office and P.O. Box Address
    307 Clinton Avenue
    Kingston, New York 12402
    Tel. No. (845) 338-8884

_____
Michelle Manzares

Sworn to before me this
13th day of May 2008

_____
Notary Public

CLAUDINE N. BONCI
Notary Public, State of New York
No. 01BO5015056
Qualified in Westchester County
Commission Expires July 12, 20__11